OPINION
{¶ 1} On August 6, 2001, appellant, Joseph Pryor, age twelve, was charged with three counts of rape in violation of R.C. 2907.02 and 2151.02, each a felony of the first degree if committed by an adult. Said charges stemmed from incidents involving appellant's three siblings, ages six, eight and ten at the time. On January 2, 2002, appellant was charged with breaking and entering in violation of R.C. 2911.13, criminal damaging in violation of R.C. 2909.06 and petty theft in violation of R.C. 2913.02.
 {¶ 2} An adjudicatory hearing commenced on April 23, 2002. The trial court found appellant committed all the acts constituting the offenses except petty theft and adjudicated appellant delinquent. By judgment entry filed August 12, 2002, the trial court committed appellant to the Department of Youth Services for a minimum of one year, maximum until his twenty-first birthday on each of the rape charges, to be served concurrently, and a minimum of six months on the breaking and entering charge. The trial court suspended the latter commitment.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court violated Joseph Pryor's right of confrontation by admitting hearsay testimony in violation of Ohio rule of Evidence 807, the Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution."
 I {¶ 5} Appellant's sole assignment of error challenges the trial court's decision pursuant to Evid.R. 807. Specifically, appellant claims the state failed to prove the hearing was conducted pursuant to subsection (B)(1), and there was no independent proof of the claimed sexual acts. We disagree.
 {¶ 6} Evid.R. 807 governs hearsay exceptions and child statements in abuse cases. Subsections (A)(2) and (3) and (B)(1) state the following, respectively:
 {¶ 7} "(A) An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing describing any sexual act performed by, with, or on the child or describing any act of physical violence directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:
 {¶ 8} "(2) The child's testimony is not reasonably obtainable by the proponent of the statement.
 {¶ 9} "(3) There is independent proof of the sexual act or act of physical violence.
 {¶ 10} "(B) The child's testimony is `not reasonably obtainable by the proponent of the statement' under division (A)(2) of this rule only if one or more of the following apply:
 {¶ 11} "(1) The child refuses to testify concerning the subject matter of the statement or claims a lack of memory of the subject matter of the statement after a person trusted by the child, in the presence of the court, urges the child to both describe the acts described by the statement and to testify."
 {¶ 12} Because the decision required by Evid.R. 807 is a ruling on evidentiary issues, we find the proper standard of review is abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 13} Appellant claims the hearing was not conducted in the presence of a person of trust urging the child victim to testify pursuant to subsection (B)(1). Preliminarily, it must be noted the trial court conducted numerous hearings on several issues, including temporary placement, a suppression hearing and two Evid.R. 807 hearings, one the day before the adjudication hearing and the second during the hearing.
 {¶ 14} During both Evid.R. 807 reviews, the children's mother was present as was Heather Miller, the caseworker. Appellant argues Heather Miller was not a person the children trusted. During the first hearing, the prosecutor specifically identified Ms. Miller to the trial court as a person the children trusted. April 22, 2002 T. at 4. Appellant's trial counsel never objected to this characterization nor did he object to the specific issue raised sub judice.
 {¶ 15} An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 16} Despite this failure to object, we will review the issue as it is presented by the transcripts.
 {¶ 17} The first child questioned by the trial court was the six year old. The child acknowledged knowing Ms. Miller and seeing her when Ms. Miller visited her home. April 22, 2003 T. at 5. When the child was hesitant to speak, the trial court took a break in order to permit the prosecutor and caseworker to talk to her to see if she would talk to the judge. Id. at 5, 9-10. It is apparent from the transcript the child nodded or shook her head in response to questions, but the record does not enlighten us as to the answers indicated. Id. at 11-12. At the conclusion of the hearing, the trial court found the six year old to be unavailable under Evid.R. 807(B)(1), and reserved ruling on the eight year old and the ten year old pending further inquiry during the adjudication hearing. Id. at 61-62.
 {¶ 18} On the day of the adjudication hearing, the judge once again proceeded to determine if the eight year old and the ten year old would testify. When the eight year old was questioned, she sat on Ms. Miller's lap and was specifically questioned by her. April 23, 2002 T. at 9-13. The child claimed she was scared of everyone except Ms. Miller, and despite Ms. Miller's repeated questions, she refused to testify. Id. at 10-13. The trial court found the child to be unavailable pursuant to Evid.R. 807. Id. at 14.
 {¶ 19} When the ten year old was questioned, he refused to answer the questions posed by Ms. Miller. Id. at 19-20. He assented to being comfortable with her, but claimed to be nervous. Id. at 17-18. He wanted to talk to the judge only. Id. at 21. The judge invited him closer to the bench and the child was placed under oath. Id. at 24. Thereafter, the child refused to answer any questions regarding the incidents other than admitting to telling the policewoman that appellant did a bad touch to him. Id. at 27-29. The trial court found the ten year old unavailable under Evid.R. 807. Id. at 29.
 {¶ 20} Based upon the questioning conducted by Ms. Miller and the totality of the circumstances, Ms. Miller being the identified person of trust for the children, we find the trial court did not err in finding Evid.R. 807(B)(1) to be satisfied. We further find no error on the same issue as to the six year old based upon the fact that the trial court permitted Ms. Miller to talk to the child during the hearing to convince her to speak to the judge. April 22, 2002 T. at 5. We find no abuse of discretion by the trial court in determining the issue of availability.
 {¶ 21} Appellant also claims the state failed to establish there was independent proof of the sexual acts pursuant to Evid.R. 807(A)(3). On October 29, 2001, the trial court conducted a suppression hearing and found appellant had made noncustodial, voluntary statements to the police. These statements were admissions of sexual conduct and contact with his three siblings. October 29, 2001 T. at 30-35. The statements were recorded. Further, the very limited testimony of the ten year old established some sexual contact between the siblings and appellant. April 23, 2002 T. at 28-29. Appellant argues his admissions do not constitute independent proof of the sexual acts and cites us to the dicta in In reHeldt (February 6, 1995), Stark App. No. 94 CA 1063, wherein it could be implied that standing alone admissions of an accused are not sufficient to fulfill Evid.R. 807(A)(3):
 {¶ 22} "This testimony [by an independent witness] established thecorpus delicti of the crime and therefore with the use of appellant's admissions there was established a prima facie case."
 {¶ 23} We do not view the dicta in Heldt to restrict a finding on independent proof of sexual acts. We find the term "independent proof" to include admissions by a defendant that he committed the acts. Further, Ohio has rejected the corpus delicti rule. See, State v. Goff, Summit App. No. 21114, 2003-Ohio-1134, at ¶ 11; State v. Bovett, Licking App. No. 02CA22, 2002-Ohio-5950, at ¶ 12-13.
 {¶ 24} Apart from this ruling, we also find the limited direct testimony of the ten year old that appellant fooled around with him and his sisters to be independent proof. The trial court did not err in finding Evid.R. 807 to be satisfied.
 {¶ 25} The sole assignment of error is denied.
 {¶ 26} The judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J., concur.